IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE:  C.R. BARD, INC.,
       PELVIC REPAIR SYSTEM
       PRODUCTS LIABILITY LITIGATION       MDL 2187

---

THIS DOCUMENT RELATES TO:

*Johnson v. C. R. Bard, Inc.*       Civil Action No. 2:16-cv-11146

## MEMORANDUM OPINION AND ORDER

Pending before the court is the Motion to Dismiss With Prejudice or in the Alternative Motion for Show Cause Order for Failure to Serve a Plaintiff Profile Form or Plaintiff Fact Sheet, filed by C. R. Bard, Inc. ("Bard") on December 15, 2017 ("Motion") [ECF No. 6]. The plaintiff has not filed a response and deadline to respond has expired. Thus, this matter is ripe for my review. For the reasons stated below, the Motion is **GRANTED in part** and **DENIED in part**.

## I.    Background

Bard filed a motion identical to the one before the court in over one-hundred cases. Bard moves for relief alleging that the plaintiff failed to provide a completed Plaintiff Profile Form ("PPF") or Plaintiff Fact Sheet ("PFS"). Specifically, Bard asks that (1) the court dismiss the complaint with prejudice, or, in the alternative, (2) the plaintiff be required to show cause as to her failure to provide a PPF or PFS as directed.

This case resides in one of seven MDLs assigned to me by the Judicial Panel

on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse and stress urinary incontinence. In the seven MDLs, there are approximately 24,000 cases currently pending, approximately 3,000 of which are in the C. R. Bard, Inc. MDL, MDL No. 2187.

Managing multidistrict litigation requires the court to streamline certain litigation procedures in order to improve efficiency for the parties and the court. Some of these management techniques simplify the parties' discovery responsibilities. PTO # 66, for example, provides that each plaintiff in cases that have been filed in, removed to, or transferred to this MDL on or after January 9, 2013, must submit a PPF within sixty (60) days of filing the Short Form Complaint. *See* Pretrial Order ("PTO") No. 66, *In re C. R. Bard, Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:10-md-2187, Jan. 9, 2013, https://www.wvsd.uscourts.gov/MDL/2187/orders.html. PTO # 66 also suspended each plaintiff's PFS obligations then current, deadlines that generally are now dictated by Docket Control Orders entered in each individual case.

Thereafter, I imposed a filing requirement on the PPFs and the PFSs, directing each plaintiff to file with the Clerk of the court in that plaintiff's individual case a complete copy of the PPF and PFS. *See* PTO No. 253. In all cases filed on or before March 1, 2017, the court directed each plaintiff to file with the Clerk of court a PPF by June 15, 2017. *See id.* In all cases filed after March 1, 2017, the court only augmented each plaintiff's submission requirement – within sixty days of filing the Short Form Complaint – with the obligation to file their PPF and PFS with the Clerk of court when due. *Id.*

Before I conduct this analysis, I note that this case was selected to become part

of "Bard Wave 7"—a collection of cases subjected to the same scheduling deadlines, rules governing motions practice and discovery. Pursuant to the terms of the Docket Control Order establishing this "wave" of cases, the plaintiff has until March 19, 2018 to submit her PFS. Therefore, the court will consider the Motion only to the extent it seeks relief related to the plaintiff's failure to submit or file her PPF timely.

## II.    Legal Standard

Federal Rule of Civil Procedure 37(b)(2) allows a court to sanction a party for failing to comply with discovery orders. *See* Fed. R. Civ. P. 37(b)(2) (stating that a court "may issue further just orders" when a party "fails to obey an order to provide or permit discovery"). Before levying a harsh sanction under Rule 37, such as dismissal or default, a court must first consider the four *Wilson* factors as identified by the Fourth Circuit Court of Appeals:

> (1) Whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

*Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (citing *Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 503–06 (4th Cir. 1977)).

In applying these factors to the case at bar, I must be particularly cognizant of the realities of multidistrict litigation and the unique problems an MDL judge faces. Specifically, when handling seven MDLs, containing thousands of individual cases in the aggregate, case management becomes of utmost importance. *See In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1231 (9th Cir. 2006) (emphasizing the "enormous" task of an MDL court in "figur[ing] out a way to move

thousands of cases toward resolution on the merits while at the same time respecting their individuality"). I must define rules for discovery and then strictly adhere to those rules, with the purpose of ensuring that pretrial litigation flows as smoothly and efficiently as possible. *See id.* at 1232 ("[T]he district judge must establish schedules with firm cutoff dates if the coordinated cases are to move in a diligent fashion toward resolution by motion, settlement, or trial."); *see also* Fed. R. Civ. P. 1 (stating that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding").

In turn, counsel must collaborate with the court "in fashioning workable programmatic procedures" and cooperate with these procedures thereafter. *In re Phenylpropanolamine*, 460 F.3d at 1231-32. Pretrial orders—and the parties' compliance with those orders and the deadlines set forth therein—"are the engine that drives disposition on the merits." *Id.* at 1232. And a "willingness to resort to sanctions" in the event of noncompliance can ensure that the engine remains in tune, resulting in better administration of the vehicle of multidistrict litigation. *Id.*; *see also Freeman v. Wyeth*, 764 F.3d 806, 810 (8th Cir. 2014) ("The MDL judge must be given 'greater discretion' to create and enforce deadlines in order to administrate the litigation effectively. This necessarily includes the power to dismiss cases where litigants do not follow the court's orders.").

## III. Discussion

According to Bard, the plaintiff has failed to timely submit a PPF within the court-ordered timeframe, in violation of PTO # 66. The plaintiff did not file an

opposition contesting Bard's assertions. According to the record in this case, the plaintiff has also neglected to file a PPF entirely, in violation of PTO # 253.

Applying the *Wilson* factors to these facts and bearing in mind the unique context of multidistrict litigation, I conclude that although recourse under Rule 37 is justified, the plaintiff should be afforded one more chance to comply with discovery before further sanctions are imposed.

The first factor, bad faith, is difficult to ascertain, given that the plaintiff has not responded. This indicates a failing on the part of the plaintiff, who has an obligation to provide counsel with any information needed to prosecute this case. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 634 n.10 (1962) ("[A] civil plaintiff may be deprived of his claim if he failed to see to it that his lawyer acted with dispatch in the prosecution of his lawsuit."). Furthermore, as set forth in PTO # 3, "[a]ll attorneys representing parties to this litigation . . . bear the responsibility to represent their individual client or clients." PTO No. 3, at ¶ F. This includes awareness of and good faith attempts at compliance with all PTOs and other court orders. PTO # 66, which was drafted by the leadership counsel of both parties jointly, expressly states that any plaintiff who fails to comply with PPF obligations may, for good cause shown, be subject to sanctions. The plaintiff nevertheless failed to comply. Although these failures do not appear to be callous, the fact that they were blatant and in full knowledge of the court's orders and discovery deadlines leads me to weigh the first factor against the plaintiff. *See In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007) ("While not contumacious, perhaps, this is a blatant disregard for the deadlines and procedure imposed by the court, [and

t]herefore, we conclude that the [plaintiffs] did not act in good faith.").

The second factor—prejudice caused by noncompliance—also leans toward the order of sanctions. Without a PPF, Bard is "unable to mount its defense because it [has] no information about the plaintiff or the plaintiff's injuries outside the allegations of the complaint." *In re Phenylpropanolamine*, 460 F.3d at 1234. Furthermore, because Bard has had to divert attention away from dutiful plaintiffs and onto this case, the delay has influenced the progress of the remaining plaintiffs in MDL 2187 unfairly.

The adverse effect on the management of the MDL as a whole segues to the third factor, the need to deter this sort of noncompliance. When parties fail to comply with deadlines provided in pretrial orders, a domino effect develops, resulting in the disruption of other MDL cases. From the representations of Bard's counsel, a considerable number of plaintiffs have failed to supply a PPF timely. Consequently, the court expects to have to evaluate and dispose of a significant number of motions similar to the one at bar, thereby directing its time and resources to noncompliant plaintiffs at the expense of other plaintiffs in this MDL. This cumbersome pattern goes against the purpose of MDL procedure, and I must deter any behavior that would allow it to continue. *See* H.R. Rep. No. 90-1130, at 1 (1967), *reprinted in* 1968 U.S.C.C.A.N. 1898, 1901 (stating that the purpose of establishing MDLs is to "assure the uniform and expeditious treatment" of the included cases).

Application of the first three factors demonstrates that this court is justified in sanctioning the plaintiff. However, application of the fourth factor—the effectiveness of less drastic sanctions—counsels against the relief sought by Bard. Rather than

6

imposing harsh sanctions at this time, the court opts for a lesser sanction and allows the plaintiff one more chance to comply, subject to dismissal *with prejudice*, upon motion by Bard, if the plaintiff fails to do so. This course of action is consistent with PTO # 66, which warned the plaintiff of the possibility of dismissal upon failure to submit a PPF timely.

Alternative lesser sanctions, such as the ones proposed in Rule 37(b)(2)(i)-(iv), are simply impracticable, and therefore ineffective, in the context of an MDL containing thousands of cases. The court cannot spare its already limited resources enforcing and monitoring sanctions that are qualified by the individual circumstances of each case, nor would it be fair for the court to place this responsibility on Bard.

Therefore, considering the administrative and economic realities of multidistrict litigation, I conclude that affording the plaintiff a final chance to comply with discovery, subject to dismissal if she fails to do so, is a "just order" under Rule 37 and in line with the Federal Rules of Civil Procedure as a whole. *See* Fed. R. Civ. P. 1 (stating that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding").

## IV. Conclusion

It is **ORDERED** that Motion to Dismiss With Prejudice or in the Alternative Motion for Show Cause Order for Failure to Serve a Plaintiff Profile Form or Plaintiff Fact Sheet is **GRANTED in part** to the extent Bard seeks an order compelling production of the PPF and **DENIED in part** as to the remaining relief ***without***

*prejudice*.

It is further **ORDERED** that the plaintiff must serve a completed PPF on Bard on or before **March 22, 2018**. Failure to comply with this Order will result in dismissal upon motion by Bard. Finally, it is **ORDERED** that plaintiff's counsel send a copy of this Order to the plaintiff via certified mail, return receipt requested, and file a copy of the receipt.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:     February 20, 2018

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE